ISENBERG et al. v. TRENT TRUST CO., Limited.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1929.

No. 5193.

For original opinion, see 26 F.(2d) 609.

John Francis Neylan, of San Francisco, Cal., and Barry S. Ulrich, of Honolulu, Hawaii (Grove J. Fink, of San Francisco, Cal., of counsel), for appellants.

Oscar Sutro, of San Francisco, Cal., Oscar Lawler, of Los Angeles, Cal., and Alfred Sutro, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

PER CURIAM. Many of the questions involved on this appeal were novel and intricate, and the conclusion reached by this court is not free from doubt; but, after full consideration of the petition for rehearing, we refused to review or reconsider the questions determined on the former hearing, except the question of damages, and as to that question a reargument was called for.

Speaking generally, the ground or basis of the decision adverse to the appellee was that it was its plain duty, upon its appointment as trustee of the Isenberg trusts, to institute proceedings under the Trading with the Enemy Act (50 USCA appendix) for the recovery of the shares of stock here involved, and that its failure so to do resulted in the sale of the stock by the Alien Property Custodian, and its consequent loss to the cestuis que trust. As bearing upon the question of damages, it is now contended that this court did not find that the conduct of the appellee was fraudulent. It will be conceded that its conduct was not so characterized in the former opinion, nor need it be so characterized at this time; but it was found that, in assuming to act as agent or depository for the Alien Property Custodian and as trustee for the alien enemies, the appellee acted in inconsistent and conflicting capacities; that it was and had been the policy of the Alien Property Custodian not to seize or sell the corpus of the estates of alien enemies held in trust by American trustees; that this policy was well known to the appellee; that the appellee did not apply to the appointing court for instructions as to its duty, nor did it seek advice from an independent source. Whether such a course of conduct on the part of a trustee was fraudu-

lent or not, it constituted a plain breach of trust, and the rights and obligations of the parties must be measured accordingly. The controlling facts were that the trustee had willfully and negligently failed to reduce the trust property to possession, and had suffered it to be sold by another, to the detriment of the beneficiaries. Under these facts the trial court held that the beneficiaries were entitled to a restoration of the trust property in kind at the termination of the trust, or to its value as of that date, in case restoration could not be had, together with all accrued dividends and interest.

■ This rule is, we think, abundantly supported by authority. In Ivie v. Ivie, 1 Atk. 429, Lord Hardwicke said that, when a trustee had in a corrupt or unfair manner been guilty of a breach of trust, the court would sometimes compel such trustee to make satisfaction to the utmost; but, as the trustee in that case had not acted with unfair motives, it was only declared that he should, at his own charge, replace the stock by purchasing another annuity of the like nature and value, and it was further declared that it was the settled principle of that court that, where a trustee sold stock contrary to his trust, the cestui que trust was entitled, at his election, to have the stock replaced, or the produce of it, with the highest interest. This seems to be the established rule in England, and the rule finds ample support in the American cases. Pocock v. Redington, 5 Ves. Jr. 793; Bostock v. Blakeney, 2 Bro. C. C. 653; Mansell v. Mansell, 2 P. Wms. 678; Hart v. Ten Eyck, 2 Johns. Ch. (N. Y.) 62; Bank of Montgomery v. Reese, 26 Pa. 143; Freeman v. Cook, 41 N. C. 373; Fowle v. Ward, 113 Mass. 548, 18 Am. Rep. 534; May v. Le Claire, 11 Wall. 217, 20 L. Ed. 50; D. Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580; Hill on Trustees, 522.

In stock transactions between broker and principal, a modified rule has sometimes been adopted and applied, under which the measure of damages is fixed by reference to the highest market value or price attained by the stock within a reasonable time after the injured party has received notice of the default. Gallagher v. Jones, 129 U. S. 193, 9 S. Ct. 335, 32 L. Ed. 658. But this is not a stock transaction, within the meaning of that rule. Furthermore, the widow could hardly be required to purchase stock, in order that she might enjoy the income during her life, or the heirs to purchase stock, in order that they might enjoy the income after the death of the widow. As said by the Supreme Court in the Gallagher Case, it would be a Herculean task to review all the varying and conflicting decisions that have been delivered upon this subject, and we are content to announce our adherence to the rule impliedly adopted and recognized on the former hearing, without futher discussion.

■ The appellee further contends that, where a person having various capacities executes an authority delegated to him in one of these capacities, the law will attribute his act to the proper authority, although he does not profess to exercise it in virtue of that particular authority; also that, where a sale is made by a trustee under a power contained in the instrument creating the trust, the measure of damages is the loss sustained through an improper or improvident exercise of the power, or the difference between the market value of the trust property at the time of sale and the price received at the sale. But in this case the appellee was charged with failure to institute proceedings to recover the stock under the Trading with the Enemy Act, thus preventing a sale, not with making a sale, and the question of making a sale by one acting in two capacities does not arise, if, indeed, the power of sale contained in the will was not superseded or suspended by the Trading with the Enemy Act. Nor is the measure of damages affected by the fact that the will contained a power of sale, so long as no sale was in fact made by the trustee pursuant to that power. As already stated, the breach of trust consisted in the failure to prevent the sale, not in making a sale; and the courts will not speculate as to what the result might have been, if the appellee had recovered the stock and later sold it, pursuant to the power of sale contained in the will.

Since the argument on the rehearing, the appellee has interposed a motion to remand the case to the Circuit Court of the Territory of Hawaii, with directions that the United States of America and the Alien Property Custodian thereof come or be brought in as parties, and that their rights be adjudicated and determined, or, in the event that the United States of America and the Alien Property Custodian thereof do not come or cannot be brought into the proceeding, that the appellant be directed, within such reasonable time as the court may prescribe, to institute and pursue, in the proper tribunal wherein the United States of America and the Alien Property Custodian can be made parties thereto, such proceedings as may be necessary to a proper adjudication and determination of the rights of the United States

of America and the Alien Property Custodian and the rights of the appellants and appellee in and to the 670 shares of stock involved herein; that, pending such further proceedings, the cause remain in abeyance; and that, upon the determination of such proceedings, such other and further proceedings be taken in said Circuit Court as may be meet and proper in the premises.

This motion is based, of course, on the ground that the United States and the Alien Property Custodian were at all times necessary and indispensable parties to the proceeding before the court. "The general rule, as to parties, undoubtedly is, that when a bill is brought for relief, all persons materially interested in the subject of the suit, ought to be made parties, either as plaintiffs or defendants; in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all parties interested. But, this is a rule established for the convenient administration of justice, and is subject to many exceptions; and is, more or less, a matter of discretion in the court; and ought to be restricted to parties, whose interest is involved in the issue, and to be affected by the decree." Mechanics' Bank v. Seton, 1 Pet. 299–306, 7 L. Ed. 152.

Here the motion was not interposed until after an adverse decision on the merits of the case by this court, at the end of eight years of protracted, expensive litigation. Such a motion, interposed at such a stage of the proceedings, should at least be viewed with disfavor, if not with suspicion. Of course, if it was apparent, even at this late day, that necessary and indispensable parties were not before the court, we might feel compelled to grant the motion; but, in view of the fact that the United States cannot be sued without its consent, and that a suit can be instituted in only one form against the Alien Property Custodian, we are not convinced or satisfied that either the government or the Custodian is a necessary and indispensable party to a proceeding to settle the accounts of a trustee. The testimony in the case was largely documentary, there was little controversy over the facts, and the ends of justice will not be met or satisfied by further delay.

We adhere to the conclusions announced in our former opinion, and the motion to remand is denied.

DIETRICH, Circuit Judge (dissenting in part). I concur in the disposition of the belated motion to remand. It does not follow that, because the Custodian may assert a claim against appellee, he is an indispensable party. In any case, there is a possibility that a third party may claim an interest in the cause of action sued upon. If appellee felt that it was in peril from conflicting claims touching its obligation, it should have acted promptly in an effort to secure protection.

On the question respecting which the rehearing was granted, I think it is a case where the rule recognized in Galigher v. Jones, 129 U. S. 193, 9 S. Ct. 335, 32 L. Ed. 658, and McKinley v. Williams (C. C. A.) 74 F. 94, should prevail, and that therefore the cause should be remanded, with directions to take evidence and enter a decree for an amount measured by that standard.